```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION

PAUL PAHL and AMANDA PAHL,       *

     Plaintiffs,                 *

vs.                              *    CASE NO. 4:08-CV-112 (CDL)

KING DAVID ROBINSON,             *

     Defendant.                  *
```

O R D E R

In this action, Plaintiffs seek to recover for injuries they suffered because Defendant hit Plaintiff Paul Pahl with his car. The parties ask the Court to referee a discovery dispute that centers upon photographs and video of a re-enactment of the collision. The photographs and video were taken by representatives of Defendant's counsel. Plaintiffs seek production of the video and photographs, as well as depositions regarding them. Defendant contends that the video and photographs are privileged work product. As discussed below, Plaintiffs' Motion to Compel (Doc. 15) is granted and Defendant's Motion for a Protective Order (Doc. 12) is denied. The Court finds that this issue can be decided without a hearing, so Plaintiffs' Motion for a Hearing (Doc. 18) is denied.

FACTUAL BACKGROUND

On January 14, 2008, Defendant was driving his Crown Victoria on Georgia 137 when he struck Plaintiff Paul Pahl, who was riding a bicycle. Defendant's counsel hired videographers and photographers to videotape and photograph the collision scene on January 13 and 14,

2009 at the approximate time and under similar weather conditions as the 2008 collision.  The videographers and photographers worked at the direction of Defendant's counsel.  Among other things, the videographers and photographers documented a re-enactment of the 2008 collision using Defendant's Crown Victoria, based on input from Defendant regarding what he saw and did on the day of the collision. According to Plaintiffs, Defendant revealed in his deposition that at least one video was shot from his own personal perspective by a camera placed inside his car next to his head.  Also, as part of the re-enactment, two bicycles were parked on the side of the road in approximately the location of impact, and Defendant struck one of those bicycles with his car during the re-enactment.

On both January 13 and 14, 2009, Plaintiffs' counsel arrived at the scene intending to get a look at and document the roadway and sunlight under similar conditions as existed the day and time of the 2008 collision, but they arrived after Defendant's representatives had already set up their equipment. Plaintiffs' counsel was able to see everything that happened and where Defendant's cameras were placed, but Plaintiffs' counsel did not have access to the input Defendant provided regarding the collision.[1]  Plaintiffs' representatives did not take photographs or video of the scene either day.  Plaintiffs argue that Defendant "commandeered" the roadway, making it impossible for Plaintiffs to take their own photographs and

---

[1] Plaintiffs did have Defendant's account of the collision from an earlier deposition, including his estimated speed, his attempts to block the sun, and how Defendant gauged his position in the road.

2

video. Defendant contends that Plaintiffs' counsel never asked for access to the roadway and that Plaintiffs could have obtained the substantial equivalent of Defendant's photographs and video of the collision scene under conditions similar to those in 2008 if they had tried to do so on January 15, 2009, after Defendant's representatives were finished documenting the scene.

As part of their Requests for Production, Plaintiffs seek production of the video and photographs (*e.g.,* Request for Production 13) taken on January 13 and 14, 2009, as well as testimony from Defendant and the four photographers/videographers who participated in the re-enactment. Plaintiffs also seek to inspect the bicycles Defendant's representatives used during their re-enactments on January 13 and 14, 2009 (Request for Production 14). Defendant agrees that Plaintiffs are entitled to review any materials considered by Defendant's experts in forming their opinions to be provided at trial and asserts that such materials will be made available to Plaintiffs.[2] (Def.'s Reply in Supp. of Mot. for Protective Order ¶ 10; *see also* Fed. R. Civ. P. 26(a)(2)(B).) However, Defendant contends that everything else Plaintiffs seek is privileged work product made for the purpose of developing Defendant's trial strategy because Defendant's counsel instructed the

---

[2] During the deposition of Defendant's bicycling expert, it became clear that Defendant's counsel gave the expert a copy of the video taken without bicycles on the fog line but not the video where Defendant struck a bicycle on the fog line. According to Plaintiffs, the expert testified that a re-enactment video showing Defendant hitting a bicycle on the fog line may affect his opinions.

3

photographers and videographers on what to record and document; in other words, Defendant argues, the photographs and video are the fruit of Defendant's counsel's "investigative and analytical effort." Defendant argues that any testimony regarding the re-enactment from the videographers and photographers should be prohibited because they were working under the direction of Defendant's counsel and are thus privy to counsel's mental impressions, conclusions, opinions and legal theories regarding the case. Defendant also contends that any testimony regarding the re-enactment from Defendant should be prohibited, arguing that Defendant's participation in the re-enactment was solely to assist in the development of trial strategy. It is not clear whether the parties have already resolved this issue regarding testimony of Defendant regarding the re-enactment; it appears from the briefing that Plaintiffs' counsel did question Defendant about the re-enactment during Defendant's deposition.

Plaintiffs argue that any work product privilege that may have existed in the photographs and video has been waived because the substance of the photographs and video were effectively disclosed to Plaintiffs' counsel when Plaintiffs' counsel was able to see everything that Defendant's representatives did on January 13 and 14, 2009. Plaintiffs also assert that Defendant's expert reviewed and relied on at least some of the video and photographs and that they are thus entitled to the materials for that reason. Finally, Plaintiffs argue that they are entitled to the video and photographs even if it is work product because they have substantial need for the

4

evidence and cannot obtain its substantial equivalent (1) at all with respect to Defendant's impressions and input regarding the re-enactment, including video from Defendant's perspective in Defendant's car or (2) without undue hardship with respect to documenting the collision scene under conditions similar to those in January 2008.

## DISCUSSION

Under Federal Rule of Civil Procedure 26(b)(3), "a party may not [ordinarily] discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). The Rule provides two tiers of protection for work product. "Fact" work product, which is information transmitted to an attorney regarding the facts at issue, may be discovered by a party if the party shows "that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."[3]  Fed. R. Civ. P. 26(b)(3)(A)(ii). On the other hand, "opinion" work product, which is "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation," is protected from

---

[3]Of course, pure facts are not subject to work product protection. *See, e.g., Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981) (noting that attorney-client privilege "only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney"). Thus, to the extent Plaintiffs seek testimony from Defendant regarding the facts and circumstances of the 2008 collision, they may discover it, except where the testimony may reveal privileged communications or documents.

5

discovery. Fed. R. Civ. P. 26(b)(3)(B). Voluntary disclosure of information to an adversary waives work product protection as to that information. *See, e.g., Stern v. O'Quinn*, 253 F.R.D. 663, 681 (S.D. Fla. 2008).

Here, Plaintiffs contend that Defendant's counsel voluntarily disclosed his otherwise privileged thought processes by allowing Plaintiffs' counsel to see everything Defendant's counsel instructed his client, photographers and videographers to do on January 13 and 14, 2009, effectively disclosing the contents of the photographs and video to Plaintiffs' counsel. Defendant argues that there was no waiver here because, although Plaintiffs' counsel saw everything that was recorded and photographed on January 13 and 14, 2009, Plaintiffs' counsel did not see the resulting photographs and video and did not know what was actually recorded.

The Court finds that the actions of Defendant, his counsel and representatives are inconsistent with maintaining secrecy of the re-enactment from Plaintiffs. In recording the re-enactment in plain view of Plaintiffs' counsel, Defendant's counsel and representatives opened their thoughts and mental processes to Plaintiffs and essentially allowed Plaintiffs' counsel to observe their on-the-scene interview of Defendant. Defendant and his counsel and representatives did not maintain any secrecy about the re-enactment, the camera placement, the bicycle placement, or the results of any instructions given to Defendant about where, when and how to drive his car. For all of these reasons, though the Court is generally

6

reluctant to find a waiver of the work product privilege, the Court finds that under the unusual circumstances of this case Defendant and his counsel waived the work product privilege with regard to the video and photographs of the re-enactment taken on January 13 and 14, 2009. Accordingly, the Court grants Plaintiffs' Motion to Compel and denies Defendant's Motion for a Protective Order.

The parties did not address whether the attorney-client privilege might apply to testimony regarding the re-enactment or whether that privilege was waived. The parties also did not address the issue of whether the re-enactment video contains communications protected by the attorney-client privilege. The Court declines to speculate about these issues and is confident that the parties will be able to resolve any matters related to these issues without further intervention from the Court.

## CONCLUSION

For the reasons set forth above, the Court grants Plaintiffs' Motion to Compel (Doc. 15) and denies Defendant's Motion for a Protective Order (Doc. 12).

IT IS SO ORDERED, this 22nd day of April, 2009.

                                        S/Clay D. Land
                                          CLAY D. LAND
                          UNITED STATES DISTRICT JUDGE