IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| PAUL PAHL and AMANDA PAHL, | * |
| Plaintiffs, | * |
| vs. | *   CASE NO. 4:08-CV-112 (CDL) |
| KING DAVID ROBINSON, | * |
| Defendant. | * |

O R D E R

At the marathon pretrial conference held on August 18, 2009, the Court ruled on the vast majority of the parties' voluminous motions in limine from the bench. Those rulings are documented in the transcript for that hearing. One particular motion required additional consideration, and after having received supplemental briefing on that motion, the Court now grants Defendant's motion to exclude the video and associated still frames showing Defendant King David Robinson striking a bicycle during an alleged re-enactment of the collision giving rise to this action (Doc. 83).[1]

FACTUAL BACKGROUND

This relatively simple negligence action has produced almost fifty motions in limine, approximately one-hundred "may call" witnesses, over one-hundred-and-fifty trial exhibits, and an exhausting four-and-a-half hour pretrial conference. Without

---

[1] Defendant's counsel takes issue with the description "re-enactment." Without giving any special legal significance to the term, the Court finds it to be a good shorthand description of the incident in question, and thus uses it in this Order.

diminishing the significance of this action, the Court is convinced that the factual and legal issues are relatively straightforward. Defendant, who was operating his car heading toward the setting sun, struck Plaintiff Sgt. Paul Pahl, who was riding his bicycle ahead of Defendant and in Defendant's lane of traffic.  The collision allegedly caused personal injuries to Sgt. Pahl.  Sgt. Pahl and his wife, who is asserting a loss of consortium claim, allege that Defendant was negligent for striking Sgt. Pahl, who they contend was riding on the edge of the roadway on or near the fog line. Plaintiffs maintain that Defendant failed to see Sgt. Pahl because of his carelessness and because of his alleged significant vision problems.  Defendant denies that he was negligent and alleges that the setting sun and Sgt. Pahl's own negligence contributed to the collision.  As to Sgt. Pahl's own negligence, Defendant contends that Sgt. Pahl was riding in the middle of the lane of traffic and not on the far right edge of the roadway near the fog line. Defendant maintains that had Sgt. Pahl actually been on the fog line, as Sgt. Pahl claims he was, Defendant would have avoided striking him.

One year after the collision, Defendant's counsel and reconstruction expert attempted to set up a re-enactment at the scene of the collision and at the same time of day.  They had videographers present to film various aspects of the scene.  By pure coincidence, Plaintiffs' counsel appeared on the scene at the same time that this

re-enactment was being conducted and subsequently requested copies of any photographs and videos made during the re-enactment. Over Defendant's work product objection, the Court granted Plaintiffs' motion to compel this discovery, finding that any work product privilege had been waived. *Pahl v. Robinson*, No. 4:08-CV-112 (CDL), 2009 WL 1097962, at *2 (M.D. Ga. Apr. 22, 2009).

Defendant subsequently filed a motion in limine to exclude many of the videos and photographs. At the pretrial conference, the Court ruled from the bench on all but three of the exhibits Defendant seeks to exclude. (Pretrial Order 22, Aug. 21, 2009.) This Order will address the remaining three exhibits: Plaintiffs' Exhibits 60, 68, and 71.

One of the videos produced during the re-enactment on January 13, 2009 showed Defendant driving his vehicle and accidentally striking a bicycle that Defendant's team had placed along the fog line. (Pls.' Ex. 68 [hereinafter "outside video"].) The January 13, 2009 video was shot from the vantage point of the shoulder of the roadway and not from the inside of Defendant's vehicle. In other words, it did not show the view that Defendant had as the driver of the vehicle.

Defendant seeks to exclude the outside video and its associated still frames (Pls.' Exs. 60 & 71), claiming that these exhibits are not relevant to any issue in the case, are not admissible under Federal Rule of Evidence 404, and/or should be excluded under Federal

3

Rule of Evidence 403.  For the following reasons, the Court grants Defendant's motion.

## DISCUSSION

Rule 404(b) states in relevant part that "[e]vidence of other . . . acts is not admissible to prove the character of a person in order to show action in conformity therewith."  Therefore, it is not permissible to introduce evidence that someone was careless on one occasion to demonstrate that he was careless on a separate occasion.[2]  Consequently, Plaintiffs cannot introduce the outside video showing Defendant striking the bicycle one year after the collision for the purpose of showing that Defendant was a careless driver who had a propensity to strike bicycles in the roadway, and thus he must have operated his vehicle in that same manner when he struck Sgt. Pahl a year earlier.

Plaintiffs' counsel struggled at the pretrial conference and in their supplemental briefing to articulate some other purpose for the admissibility of the evidence.  Plaintiffs contend that the exhibits should be admitted for two non-propensity purposes.  First, Plaintiffs seek to introduce the outside video to show that Defendant's vision on the day of the re-enactment was so poor that he could not see the bicycle on the fog line.  (Pls.' Suppl. Br. in

---

[2] Federal Rule of Evidence 406 provides a limited exception to this rule whereby "[e]vidence of the habit of a person . . . is relevant to prove that the conduct of the person . . . on a particular occasion was in conformity with the habit . . . ."  There is no allegation here that Defendant was "habitually" careless or "habitually" struck bicycles while driving.

4

Supp. of Admissibility of Def.'s Jan. 13, 2009 Video of Re-Enactment Experiment 5-7 [hereinafter Pls.' Suppl. Br.].)  Plaintiffs intend for the jury to infer from the outside video, together with other evidence that the driving conditions and Defendant's vision were the same on the day of the actual collision, that Defendant likewise did not see Sgt. Pahl on the fog line on the day of the actual collision. (*Id.* at 4-5.)  Second, Plaintiffs contend that the exhibits rebut Defendant's expert's opinion that Sgt. Pahl was not riding his bicycle on the fog line when Defendant's car struck him.  (*Id.* at 8.) Plaintiffs argue that the outside video demonstrates that it was indeed possible for Defendant to miss one trailing bicycle on the fog line (where Sgt. Paul Hanover claims his bicycle was located) and then hit another bicycle thirty feet up the road on the fog line (where Sgt. Pahl claims his bicycle was located), a feat Defendant's expert calls "unlikely."   (*Id.*)   Neither argument adequately reconciles the admissibility of the outside video with Rule 404.

The principle that "evidence of a similar act of negligence is not admissible to prove negligence in performing the same act later" is well settled in the Eleventh Circuit.  *Am. Airlines, Inc. v. United States*, 418 F.2d 180, 197 (5th Cir. 1969).[3]  Rule 404(b), the modern incarnation of this principle, excludes such evidence because

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

5

it is "of slight probative value yet very prejudicial" since it "tends to distract the trier of fact from the main question of what actually happened on the particular occasion." *Reyes v. Mo. Pac. R.R. Co.*, 589 F.2d 791, 793 & n.6 (5th Cir. 1979). The Eleventh Circuit employs a three-part test to determine the admissibility of evidence under Rule 404(b):

> [1] the evidence must be relevant to an issue other than the defendant's character; [2] the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; [and 3] the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

*United States v. Brannan*, 562 F.3d 1300, 1307 (11th Cir. 2009) (alterations in original; internal quotation marks omitted); *accord United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992) (en banc). In this case, both of Plaintiffs' arguments fail the first prong because the admission of the outside video serves no purpose other than to imply to the jury that Defendant is a careless driver who was careless on the day of the actual collision. Therefore, the outside video is not relevant to any issue other than Defendant's character trait of carelessness.

The Court rejects Plaintiffs' contention that the outside video is relevant to the disputed issue of the quality of Defendant's vision on the day of the accident when Sgt. Pahl was injured. It is undisputed that Defendant did not see Sgt. Pahl prior to the actual collision. (*See* Pls.' Suppl. Br. 10 (noting "that Defendant did not

6

see the bicycles"); Def.'s Suppl. Br. in Supp. of Mot. in Limine to Exclude 38-Second Video Clip, And Associated Still Frames 7 [hereinafter Def.'s Suppl. Br.] ("Robinson admitted that he did not see the plaintiff Paul Pahl prior to the subject accident . . . .").) The disputed issue is <u>why</u> Defendant did not see Sgt. Pahl–whether Defendant's vision and carelessness caused him not to see Sgt. Pahl, or whether the bright sun and Sgt. Pahl's own negligence caused the collision. Consequently, the outside video is only relevant if it helps determine the quality of Defendant's vision on the day of the collision (i.e., why Defendant did not see Sgt. Pahl on the day of the collision). *See* Fed. R. Evd. 401 (defining relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence").

The outside video is not probative of the quality of Defendant's vision partly because Defendant could have hit the bicycle at the time of re-enactment due to a variety of reasons not limited to his vision. He could have simply been careless on that occasion. If he had been careless on that occasion and negligently struck the bicycle, the fact that he carelessly struck the bicycle at the time of the re-enactment would not be evidence that he negligently struck Sgt. Pahl a year earlier; nor would such carelessness be probative of the quality of Defendant's vision. Therefore, admission of the outside video would only serve to either permit the jury to

impermissibly speculate as to Defendant's vision at the time of the actual collision or, alternatively, impermissibly consider the video as propensity evidence.

Plaintiffs also seek to introduce the outside video and still frames to show that a vehicle that happened to be following Defendant at the time of the re-enactment was able to swerve to the left to avoid striking the bicycles. Plaintiffs argue that this evidence is probative of Defendant's vision because it "allow[s] the jury to compare directly the actions of Defendant in hitting a bicycle with the actions of another motorist's vehicle that moves to the left to avoid the bicycle." (Pls.' Suppl. Br. 6.) However, numerous factors other than Defendant's vision could have caused another motorist to move to the left to avoid the bicycle when Defendant did not under similar circumstances. The other motorist could have simply seen Defendant's brake lights during the re-enactment collision and therefore decided to move over. Consequently, the actions of another motorist on the date of the re-enactment are irrelevant to Defendant's vision on the date of the actual collision.

The outside video is likewise not probative of the position of Sgt. Pahl's bicycle on the day of the actual collision. Contrary to Plaintiffs' characterization, Defendant does not contend that it would have been impossible for Defendant to hit Sgt. Pahl had Sgt. Pahl been riding on the fog line. (Def.'s Suppl. Br. 2 n.1.) Rather, Defendant contends that, based on the testimony and damage to

8

the vehicles involved in the <u>actual collision</u>, the collision did not occur on the fog line. (*Id.*) Consequently, the outside video, showing the re-enactment collision, is not relevant to show the position of Sgt. Pahl's bicycle during the <u>actual collision</u>. Again, Defendant could have struck the bicycle at the time of re-enactment due to a variety of reasons.

Plaintiffs contend that the outside video is not "character evidence" under Rule 404 because it is not "[e]vidence of [a] person's moral standing in [the] community based on reputation . . ." or "the mental and ethical traits marking and individualizing a person." (Pls.' Suppl. Br. 9-10 (alterations in original; internal quotation marks omitted).) As explained above, however, the admission of the outside video would serve no purpose other than to imply to the jury that Defendant is a careless driver who acted in conformity with that character trait on the day of the actual collision. Rule 404 seeks to prohibit precisely such evidence which would hold one accountable for certain present conduct based upon past or subsequent conduct. *See Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1105 (11th Cir. 2005) (affirming exclusion of evidence of other suicides at detention center as irrelevant to 42 U.S.C. § 1983 claim brought by estate of pretrial detainee who committed suicide while incarcerated); *Reyes*, 589 F.2d at 793-94 (finding inadmissible evidence of plaintiff's prior public intoxication convictions introduced by defendant to show

9

plaintiff was intoxicated on night of accident); *Sparks v. Gilley Trucking Co.*, 992 F.2d 50, 52 (4th Cir. 1993) ("Rule 404(b) is thus a rule of inclusion that permits the admission of prior acts if probative to an aspect of the case and not offered merely to establish a character trait which would encompass the type of conduct in question."). *See also United States v. Cunningham*, 103 F.3d 553, 556-57 (7th Cir. 1996) ("once a thief always a thief" is forbidden inference under Federal Rules of Evidence).

Applying Rule 404(b) to exclude evidence of a party's prior or subsequent negligent or careless conduct when it is offered to prove that the party acted negligently or carelessly at the time of the incident in question is not a novel application of the rule. *See Jones v. S. Pac. R.R.*, 962 F.2d 447, 449 (5th Cir. 1992) (affirming exclusion of evidence of train conductor's prior safety infractions as inadmissible to show train conductor was negligent on day of wreck). In *Sparks*, "evidence of the [plaintiff's] several prior speeding tickets . . . tended to show at most a trait about [the plaintiff], that he tended to speed, and to suggest that because he speeded on prior occasions, he was speeding at the time of the accident." 992 F.2d at 53. Similarly, here the outside video tends to show only that Defendant is a careless person and to suggest that because he acted carelessly on a subsequent occasion, he must have acted carelessly at the time of the actual collision. As *Sparks*

10

observed, "[t]his purpose for using prior acts evidence . . . is the one specifically prohibited by Rule 404."  *Id.*[4]

Finally, even if the outside video and associated still frames were relevant to some other issue and tendered for some purpose other than demonstrating that Defendant acted in conformity with his character trait for carelessness, the Court finds that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading of the jury. Regardless of how tightly the Court requires Plaintiffs' counsel to craft their questions or how restrictive a limiting instruction by the Court may be, the jury will inevitably consider the evidence for the very purpose that Plaintiffs' counsel (if completely candid) would readily acknowledge they seek for them to consider it.  The jury will naturally be persuaded that if Defendant unintentionally struck the bike on the fog line at the time of the re-enactment, then he likely would have hit Sgt. Pahl on the fog line a year earlier. The danger of unfair prejudice is easily predictable.  Confusion of the issues by the jury is inevitable.  And the opportunity for misleading the jury will be too tempting for any zealous advocate. Accordingly, the Court finds that even if it were to accept counsel's argument that Plaintiffs are tendering the evidence for some purpose

---

[4]Even if Plaintiffs are correct that Rule 404(b) is not precisely designed to address the issues presented here, the evidence in question would still be inadmissible under Rule 402 because it is not probative of any of the issues for which it is tendered.

11

other than propensity, the evidence is excluded under the third prong of the Eleventh Circuit analysis governing Rule 404, as well as under Rule 403.

## CONCLUSION

For all of these reasons, Defendant's Motion in Limine to exclude Plaintiffs' Exhibits 60, 68, and 71 (Doc. 83) is granted.[5] Plaintiffs' counsel is prohibited from introducing any evidence suggesting that Defendant struck the bicycle during the re-enactment shown in the video and associated still frames.

IT IS SO ORDERED, this 1st day of September, 2009.

S/Clay D. Land<br>
CLAY D. LAND<br>
UNITED STATES DISTRICT JUDGE

---

[5] Plaintiffs contend that the video taken during the January 14, 2009 re-enactment (Def.'s Ex. 26) should be excluded under Rule 404(b). (Pls.' Suppl. Br. 12-13.) The Court understands that in light of this Order, Defendant will not tender Defense Exhibit 26. If Defendant chooses to do so, he runs the risk of opening the door to admission of the exhibits this Order excludes.